UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROOKE SCHMITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV00406 AGF |
| | ) |
| MILLER AND STEENO, P.C.; | ) |
| WILLIAM F. WHEALAN, JR.; and | ) |
| ARMSTRONG MOTORS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for default judgment against Armstrong Motors, Inc. ("Armstrong Motors"), the only remaining Defendant in the case. Because the federal claims in the action have been dismissed, the Court will decline to exercise supplemental jurisdiction over the state law claims against Armstrong Motors and will dismiss them without prejudice, thereby resolving the case as a whole.

## BACKGROUND

Plaintiff alleges in the three-count complaint that in February 2012, when she was 17 years old, she visited Armstrong Motors, a car dealership, with her boyfriend, Nicholas House. House decided to purchase a 1995 Pontiac for approximately $1000, and Armstrong Motors told Plaintiff that she had to sign documents before House could get the car. Plaintiff further alleges that, as a minor, she did not understand what she was signing when she signed a financing agreement, but did so on Armstrong Motors' instructions. Plaintiff alleges that Armstrong Motors inspected her driver's license prior to her signing

the financing agreement. She further alleges that in July 2013, she received a letter from Defendant Miller and Steeno, P.C. ("Miller"), a law firm representing Armstrong Motors, stating that she was responsible for a defaulted loan related to the Pontiac. Plaintiff alleges the letter failed to state that Armstrong Motors was "looking to collect interest from Plaintiff" and "contained no 'safe harbor' language that indicated to Plaintiff that due to accruing interest, attorneys' fees and other charges, that Plaintiff's balance would be different from the one stated in the letter." (Doc. No. 1 at 6.) Therefore, Plaintiff alleges, that letter "failed to state the amount of the debt."

On August 21, 2013, Armstrong Motors, represented by Miller, sued House and Plaintiff to collect the debt. Defendant William F. Whealan, Jr., signed the state court petition on behalf of Miller. The state court granted default judgment against Plaintiff on December 30, 2013. Plaintiff alleges that her wages were garnished in order to satisfy the default judgment.

Plaintiff's complaint claims that Miller and Whealan violated the federal Fair Debt Collections Practices Act, 15 U.S.C. ' 1692 ("FDCP"), by, among other things, filing a lawsuit on a void debt (Count I); that all three Defendants abused court process by suing Plaintiff on a void, uncollectable debt because she was a minor when the finance agreement was entered into (Count II); and that Armstrong Motors violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. ' 407.010 ("MMPA") by deceiving Plaintiff about the nature and import of the financing agreement and misrepresenting and/or concealing material facts during pre-sale discussions with Plaintiff in connection with the purchase of the Pontiac (Count III). In Counts II and III, the two counts against

2

Armstrong Motors, Plaintiff seeks actual damages and punitive damages, and in Count II she seeks attorney's fees as well.

On July 25, 2014, Plaintiff filed a motion to enforce settlement against Miller and Whealan. On August 29, 2014, Plaintiff dismissed Miller and Whealan with prejudice. Also on August 29, 2014, Plaintiff filed a motion for entry of default against Armstrong Motors, and the present motion for default judgment against Armstrong Motors as to Plaintiff's MMPA and abuse of process claims. By affidavit, Plaintiff asserts that she is entitled to "actual damages in at least the amount of $10,000 given [her] damaged credit" and attorneys' fees in the amount of $1,770. (Doc. No. 15-2 at 1.)

On September 2, 2014, the Court denied Plaintiff's motion to enforce settlement against Miller and Whealan as moot, in light of their dismissal from the lawsuit. On September 24, 2014, the Clerk of Court entered default against Armstrong Motors.[1]

## DISCUSSION

By statute, a district court "may decline to exercise supplemental jurisdiction over a claim" when it "has dismissed all claims over which it has original jurisdiction." 28

---

[1] The record includes a letter on Armstrong Motors' letterhead, dated April 2, 2014, signed by Timothy Armstrong. The letter states that Plaintiff and House asked to have Plaintiff added to the financing agreement, that Plaintiff understood what agreement she was entering into, that she never made Armstrong aware of her age, and that it was Timothy Armstrong's understanding that Plaintiff has been relieved of any obligations with respect to the outstanding balance of the loan.

By Order dated May 8, 2014, the Court noted that there was no indication that Timothy Armstrong was an attorney and that Armstrong Motors could not proceed *pro se*. (Doc. No. 10.) The Court gave Armstrong Motors 30 days to obtain counsel and respond to the complaint, and cautioned that failure to do so could result in entry of default judgment against Armstrong Motors. Armstrong Motors failed to respond in any way.

3

U.S.C. § 1367(c)(3). Moreover, here, deciding the state law claims against Armstrong Motors would require determining whether Plaintiff has met the requirement of establishing an ascertainable loss under the MMPA, suggesting an additional reason based on statute to decline supplemental jurisdiction. *See Id*. §1367(c)(1) (providing that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim raises a novel or complex issue of State law"). Further, the Court finds that the parties will not be unduly inconvenienced by litigating the remaining claims in state court. Neither the Court nor the remaining parties have expended any significant time and resources in this Court on the claims against Armstrong Motors.

In sum, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Armstrong Motors and will dismiss those claims without prejudice. *See Delta Holdings, LLC v. Town of Boone*, No. 5:13-CV-00048-RLV-DSC, 2014 WL 4771602, at *2 (W.D.N.C. Sept. 24, 2014) (declining to exercise supplemental jurisdiction over motion for default judgment on a state law claim, where federal claims had been resolved; remanding state law claim); *Norris v. Schauman*, No. 3:13–0542, 2014 WL 3845165, at *6 (M.D. Tenn. Aug. 5, 2014) (same; dismissing state law claim without prejudice).

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's state law claims against Armstrong Motors, Inc., are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment against Armstrong Motors, Inc., is **DENIED as moot**. (Doc. No. 15.)

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.